# Third District Court of Appeal

## State of Florida

Opinion filed August 31, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1251
Lower Tribunal No. 19-6671
_____

**Jose R. De Cardenas, et al.,**
Appellants,

vs.

**White Pine Insurance Company, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Viera Yague, PLLC, and Fred Viera and Isabel Yague, for appellants.

Conroy Simberg, and Samuel B. Spinner and Robert S. Horwitz (Hollywood), for appellee.

Before EMAS, LINDSEY and MILLER, JJ.

EMAS, J.

Jose and Yolanda De Cardenas ("De Cardenas") appeal a summary judgment entered in favor of White Pine Insurance Company on their breach of contract claim in this insurance dispute. De Cardenas contended that the storm force winds generated by Hurricane Irma created an opening in the roof and exterior walls of their home, allowing water to enter the house and causing damage. In response, White Pine contended there was no coverage under the policy because the damage to De Cardenas' home was not the result of a windstorm-created opening in the roof or exterior walls. Instead, White Pine asserted, water entering the home (and any resulting damage) was caused by settlement of the home or by faulty workmanship or repairs to a skylight.

Following discovery, White Pine filed a motion for summary judgment, accompanied by the deposition of its engineering expert, Mr. Palmer, who opined that water entered the interior of the home through an improperly sealed skylight, and that the cracks to the exterior walls were the result of the house settling.

In opposition, De Cardenas filed the declaration (and later a supplemental affidavit) of Mr. Stokes, a roofing consultant and contractor who inspected the house and interviewed De Cardenas shortly after Hurricane Irma. Mr. Stokes averred, inter alia, that the cracks in the exterior

2

walls were caused by Hurricane Irma's 90-100 miles per hour wind gusts. He averred these openings allowed water to intrude and cause damage. Mr. Stokes stated he has forty-four years of experience as a roofer, but does not hold any engineering degree or professional engineering license.

The trial court granted White Pine's motion and entered judgment by order dated May 27, 2021. Thus, the order is governed by recently amended Florida Rule of Civil Procedure 1.510. See In re Amends. to Fla. R. Civ. P. 1.510, 317 So. 3d 72, 77 (Fla. 2021) (providing that "rule 1.510 takes effect on May 1, 2021. This means that the new rule must govern the adjudication of any summary judgment motion decided on or after that date, including in pending cases").

Although amended rule 1.510 borrows heavily from its federal counterpart (Rule 56), it differs in at least one relevant respect: rule 1.510 mandates that the trial court "shall state on the record the reasons for granting or denying the motion." In its opinion amending rule 1.510, the Florida Supreme Court emphasized this requirement:

> Where federal rule 56(a) says that the court *should* state on the record its reasons for granting or denying a summary judgment motion, new rule 1.510(a) says that the court *shall* do so. The wording of the new rule makes clear that the court's obligation in this regard is mandatory.

> To comply with this requirement, it will not be enough for the court to make a conclusory statement that there is or is not a

3

genuine dispute as to a material fact. The court must state the reasons for its decision with enough specificity to provide useful guidance to the parties and, if necessary, to allow for appellate review. On a systemic level, we agree with the commenters who said that this requirement is critical to ensuring that Florida courts embrace the federal summary judgment standard in practice and not just on paper.

Id.

The order on appeal fails to comply with this requirement, as it merely concludes that Mr. Stokes' affidavit is "insufficient to create a genuine issue of material fact as to whether the force of wind from Hurricane Irma created an opening in the roof or exterior wall of the property that allowed water to enter the interior."

We therefore reverse and remand for further proceedings consistent with this opinion.